**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50386 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01310-ODW-1 |
| v. | |
| MICHAEL LOUIS SHINEFIELD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 8, 2012[**]
Pasadena, California

Before: D.W. NELSON, FISHER, and CHRISTEN, Circuit Judges.

Michael Louis Shinefield appeals the sentence imposed by the district court

following his guilty plea to wire fraud, aiding and abetting, and causing an act to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

be done, in violation of 18 U.S.C. §§ 1343 and 2.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1.     The district court did not abuse its discretion in ordering the sentence to run consecutively to the sentence imposed by the California state court.  *See United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005); U.S.S.G. § 5G1.3 cmt. n. 3(C).

2.     The record reflects that the district court was aware that it was applying a vulnerable victim enhancement.  The court was not required to make further findings because the presentence reports contained sufficient undisputed facts to establish that Shinefield knew or should have known that some of his investors had fallen for the scheme before, and were therefore vulnerable to being "reloaded." *See United States v. Luca*, 183 F.3d 1018, 1025 (9th Cir. 1999).  Finally, the enhancement was proper because "reloaded" victims are more vulnerable than typical victims of wire fraud.  *See United States v. Castaneda*, 239 F.3d 978, 980–81 & n.4 (9th Cir. 2001); *United States v. Randall*, 162 F.3d 557, 560 (9th Cir. 1998).

3.     The district court did not treat Shinefield's inability to pay restitution as an aggravating factor.  The record assures us that "the district court did not weigh this factor in the balance."  *United States v. Burgum*, 633 F.3d 810, 816 (9th Cir. 2011).

4.      The district court did not lengthen Shinefield's sentence to promote rehabilitation.  Its statements merely discussing rehabilitation were proper.  *See Tapia v. United States*, 131 S. Ct. 2382, 2387, 2392–93 (2011).

5.      Nor did the district court plainly err by relying on clearly erroneous facts.  First, the district court expressly counted Shinefield's bipolar disorder as a mitigating factor.  Second, the district court's view that Shinefield's participation in the AARP video was an "effort to game the system" was reasonable in light of Shinefield's past conduct.  *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).  Third, the district court's misstatement of the victims' total losses was not prejudicial because the Guidelines calculation accurately included only a 20–level enhancement for losses.  U.S.S.G. § 2B1.1(b)(1)(K).

6.      The district court did not fail to consider Shinefield's argument that his mental illness contributed to the offense.  Rather, the district court expressly enumerated these illnesses as mitigating factors, but ultimately issued an upward variance.  Because the context and record "make[] clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."  *Rita v. United States*, 551 U.S. 338, 359 (2007).

7.      The district court did not fail to consider "the need to avoid unwarranted sentence disparities among" similarly situated defendants, but rather contemplated and rejected this concern.

8.      Shinefield's sentence is substantively reasonable. The district court expressly weighed the mitigating factors and granted the government's § 5K1.1 motion. Nonetheless, the district court reasonably found that certain factors were not entitled to much weight. Meanwhile, the district court placed appropriate weight on Shinefield's criminal history score.

9.      The district court did not violate Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure. Neither the diagnostician's use of outdated nomenclature nor Shinefield's remaining objections trigger Rule 32 because they do not involve specific factual disputes affecting the temporal term of Shinefield's sentence. *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008).

10.      The conditions of supervised release relating to employment do not give rise to plain error. *See United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003). A "reasonably direct relationship" existed between Shinefield's pre-conviction occupations and the offense conduct. U.S.S.G. § 5F1.5(a)(1). Given Shinefield's criminal history, the district court reasonably inferred that if Shinefield were permitted to return to his previous jobs, he would again defraud his customers or

4

employers.  We therefore conclude that Conditions Nine and Ten were "reasonably necessary" to protect the public, § 5F1.5(a)(2), and were not broader than "reasonably necessary."  *See Rearden*, 349 F.3d at 618; *United States v. Watson*, 582 F.3d 974, 984–85 (9th Cir. 2009).  The district court's failure to articulate its reasons for the conditions does not warrant reversal.  *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

For the above reasons, we AFFIRM the district court's sentence and AFFIRM the conditions of supervised release.

**AFFIRMED.**